1   KATHERINE C. HUIBONHOA (SB# 207648)
    katherinehuibonhoa@paulhastings.com
2   LAURA B. SCHER (SB# 243754)
    laurascher@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
4   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
5   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100
6
    J. AL LATHAM, JR (SB# 71605)
7   allatham@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
8   515 South Flower Street
    Twenty-fifth Floor
9   Los Angeles, CA  90071-2228
    Telephone:  (213) 683-6000
10  Facsimile:  (213) 627-0705

11  Attorneys for Defendant
    Pacific Bell Directory d/b/a AT&T Advertising and Publishing
12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16

17  EQUAL EMPLOYMENT                    CASE NO. C-07-4810 EMC
    OPPORTUNITY COMMISSION,
18                                      **DEFENDANT PACIFIC BELL
                                        DIRECTORY d/b/a AT&T ADVERTISING
19              Plaintiff,              AND PUBLISHING'S ANSWER TO
                                        COMPLAINT**
20          vs.

21  AT&T, Inc., dba SBC Yellow Pages,

22              Defendant.

23

24

25

26

27

28

TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND TO ITS ATTORNEYS OF RECORD, WILLIAM R. TAMAYO, DAVID F. OFFEN-BROWN, RAYMOND T. CHEUNG AND EEOC:

Defendant Pacific Bell Directory d/b/a AT&T Advertising and Publishing (erroneously designated in the Complaint as "AT&T, Inc., dba SBC Yellow Pages"), for itself alone and no other defendant, hereby answers and pleads in response to Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION's complaint ("Complaint") as follows:

1.    Responding to the Nature of Action section in the Complaint, Defendant admits that Plaintiff purports to bring this "action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to June Riddick who was adversely affected by such practices." Defendant further admits that Plaintiff alleges that Defendant "denied Ms. Riddick, an African-American employee, promotion opportunities due to her race." Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation contained in the Nature of Action section in the Complaint.

2.    Answering Paragraph 1, Defendant admits that Plaintiff purports to invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Defendant further admits that Plaintiff purports to institute this action pursuant to "Section 706(f)(1) and (3) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)" and "Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a." Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation contained in this paragraph.

1

2

3

4          3.       Answering Paragraph 2, Defendant denies, generally and specifically, each

5    and every allegation contained therein.  Defendant avers that this action is appropriate for

6    assignment to the San Francisco division of the Northern District of California.

7

8

9          4.       Answering Paragraph 3, Defendant admits, on information and belief, each

10   and all of the allegations contained therein.

11

12

13         5.       Answering Paragraph 4, Defendant (for the proper entity Pacific Bell

14   Directory d/b/a AT&T Advertising and Publishing) admits each and all of the allegations

15   contained therein.

16

17

18         6.       Answering Paragraph 5, Defendant admits each and all of the allegations

19   contained therein.

20

21

22         7.       Answering Paragraph 6, Defendant admits, on information and belief, each

23   and every allegation contained in this paragraph.

24

25

26         8.       Answering Paragraph 7, Defendant denies, generally and specifically, each

27   and every allegation contained in this paragraph.

28

1    9.    Answering Paragraph 8, Defendant denies, generally and specifically, each

2    and every allegation contained therein.

3

4

5    10.    Answering Paragraph 9, Defendant denies, generally and specifically, each

6    and every allegation contained therein.

7

8

9    11.    Answering Paragraph 10, Defendant denies, generally and specifically,

10    each and every allegation contained therein.

11

12    12.    Responding to the Prayer for Relief in the Complaint, Defendant denies,

13    generally and specifically, that Plaintiff or June Riddick has been or will be damaged in the sums

14    alleged, in any other sum, or at all, by reason of any act or omission of Defendant or any officer,

15    agent or employee of Defendant.  Defendant further denies, generally and specifically, that the

16    elements of relief sought are available to Plaintiff on the particular claims alleged.

17

18    <u>AFFIRMATIVE DEFENSES</u>

19

20    <u>FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

21

22

23    13.    The Complaint, and each purported claim alleged therein, fails to state a

24    claim upon which relief can be granted.

25

26

27

28

<u>SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

14.     The Complaint, and each alleged claim contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to 42 U.S.C. §§ 2000e, *et seq.*

<u>THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

15.     The Complaint, and each purported claim contained therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Ms. Riddick's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

<u>FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

16.     To the extent that Plaintiff makes allegations or claims with respect to a time period more than 300 days before Ms. Riddick allegedly filed a charge with the Equal Employment Opportunity Commission ("EEOC"), or which were not made the subject of a timely EEOC charge, the Court lacks jurisdiction with respect to any such allegations or claims. 42 U.S.C. §§ 2000e, *et seq.*

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

17.     The Complaint, and each purported claim contained therein, is barred to the extent that the allegations contained therein do not reasonably fall within the scope of any claims made in any administrative charge filed by Ms. Riddick with the EEOC.

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

18.     Ms. Riddick has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.     Neither Plaintiff nor Ms. Riddick is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(a)     Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Ms. Riddick or that Defendant was motivated by evil motive or intent; and/or

(b)     Neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly

1   committed such an act, or employed any such employee or employees with a reckless indifference

2   towards the rights or safety of others; and/or

3

4               (c)    The laws regarding the alleged conduct in question in this action are

5   too vague to permit the imposition of punitive damages, and because the applicable laws, rules

6   and procedures regarding punitive damages deny due process, impose criminal penalties without

7   the requisite protections and violate Defendant's constitutional rights under provisions of the

8   United States and California Constitutions, including, but not limited to, the due process clauses

9   of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive

10  fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States

11  Constitution and place an unreasonable burden on interstate commerce.

12

13              (d)    Defendant at all times made good efforts to comply with all

14  applicable laws, including, but not limited to, Title VII.

15

16

17              EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

18

19

20          20.    Plaintiff is barred from recovering punitive damages because Defendant

21  had in place a policy to prevent discrimination in its workplace and made good faith efforts to

22  implement and enforce that policy.

23

24          WHEREFORE, Defendant prays for judgment as follows:

25

26

27          1.    That Plaintiff take nothing by reason of its Complaint, that the Complaint

28  be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

1

       2.      That Defendant be awarded its reasonable costs and attorneys' fees; and

2

3

       3.      That Defendant be awarded such other and further relief as the Court

4

deems just and proper.

5

6

7

DATED:  November 13, 2007       PAUL, HASTINGS, JANOFSKY & WALKER LLP

8

9

By:_____/s/_____
               KATHERINE C. HUIBONHOA

10

Attorneys for Defendant
PACIFIC BELL DIRECTORY d/b/a AT&T

11

ADVERTISING AND PUBLISHING

12

LEGAL_US_W # 57495855.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28