KATHERINE C. HUIBONHOA (SB# 207648)  katherinehuibonhoa@paulhastings.com
LAURA B. SCHER (SB# 243754)  laurascher@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

J. AL LATHAM, JR. (SB# 071605)  allatham@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant
PACIFIC BELL DIRECTORY d/b/a AT&T ADVERTISING AND PUBLISHING

WILLIAM R. TAMAYO (SB# 084965)
DAVID F. OFFEN-BROWN (SB# 063321)
RAYMOND T. CHEUNG (SB# 176086)  raymond.cheung@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105-1260
Telephone:  (415) 625-5649
Facsimile:  (415) 625-5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T, Inc., dba SBC Yellow Pages,<br><br>Defendant. | CASE NO. C-07-4810 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:  January 4, 2008<br>Time:  8:30 a.m.<br>Courtroom:  No. 8, 19th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this Case.

## I.  JURISDICTION AND SERVICE

This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 451, 1331, 1343 and 1345.  No issues exist regarding personal jurisdiction or venue.  All parties have been served.

## II.  FACTS

June Riddick ("Riddick") works for Defendant Pacific Bell Directory d/b/a AT&T Advertising and Publishing (erroneously designated in the Complaint as "AT&T, Inc., dba SBC Yellow Pages") ("Defendant").  Plaintiff Equal Opportunity Commission ("Plaintiff") alleges that on or about February 2003, Defendant denied Riddick, an African-American employee, a promotion due to her race.  Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

### A.  Defendant's Factual Summary:

Defendant denies Plaintiff's allegations and denies that it engaged in any unlawful conduct with respect to Riddick's employment or that she suffered any damages as the result of any alleged wrongful conduct.  In early 2003, Riddick applied and was considered for a Field Sales Collector position in Scaramento, California.  Defendant ultimately selected another employee, Sheila Shults, for the position because Shults received slightly higher ratings from her interviewers and she had more job seniority than Riddick.  Defendant followed all relevant employment laws in its interactions with Riddick, and made all of its decisions regarding Riddick for legitimate, non-discriminatory reasons.

**B.     Plaintiff's Factual Summary:**

Plaintiff alleges that June Riddick applied for the position of Field Service Collector at the Sacramento branch of, then operating as, SBC Yellow Pages in February 2003. Despite her superior qualifications, Ms Riddick was not selected for the promotion and a less qualified Caucasian candidate was hired for the job.

**III.    LEGAL ISSUES**

Because this case is at an early phase, and because the parties have not yet conducted discovery, the parties do not know what legal issues may be in dispute. However, it appears there will be disputed legal issues regarding the following topics:

**A.     Defendant's Issues:**

1. Whether Defendant failed to promote Riddick because of her race in violation of Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (*i.e.*, "Title VII") or Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;
2. Whether Riddick suffered any adverse employment action;
3. Whether Defendant had a legitimate, non-discriminatory reason for any alleged adverse employment action against Riddick;
4. Whether Defendant's stated reason(s) for denying Riddick the promotion were a pretext for unlawful discrimination;
5. Whether Riddick suffered any damages as the result of any alleged wrongful conduct by Defendant;
6. Whether Riddick satisfied her duty to mitigate any alleged damages;
7. Whether Riddick suffered any emotional distress as a result of Defendant's alleged conduct and, if so, the nature and extent of any such emotional distress;

8. Whether Plaintiff's claims are barred because Riddick failed to exhaust her administrative remedies;

9. Whether Plaintiff's claims are barred by the applicable statute of limitations; and

10. Whether Riddick is entitled to any punitive damages.

**B.   Plaintiff's Issues:**

Whether Defendant discriminated against Ms. June Riddick by refusing to promote her due to her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

## IV.   MOTIONS

At the appropriate time, Defendant anticipates moving for summary judgment on all of Plaintiff's claims.

## V.   AMENDMENT OF THE PLEADINGS

**A.   Defendant's Response:**

Defendant does not currently anticipate filing any amended pleadings.

**B.   Plaintiff's Response:**

Plaintiff may amend its complaint to add additional aggrieved individuals, who were discriminated against in promotion opportunities due to Defendant's unlawful employment practices.

## VI.   EVIDENCE PRESERVATION

Defendant has notified relevant personnel of the need to preserve evidence relevant to the issues reasonably evident in this action, including all relevant documents, records, and electronic information in their possession.

Plaintiff has also has notified relevant personnel of the need to preserve evidence

relevant to the issues reasonably evident in this action, including all relevant documents, records, and electronic information in their possession.

## VII.  INITIAL DISCLOSURES

The parties have agreed to exchange initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure on or before December 19, 2007.

## VIII.  DISCOVERY

### A.  Defendant's Response:

Through the course of this litigation, Defendant intends to propound discovery requests, including interrogatories, requests for admission, document requests, and third-party subpoenas.  Additionally, Defendant intends to take the depositions of Riddick and other witnesses, including expert witnesses, as appropriate.

### B.  Plaintiff's Response:

Plaintiff intends to propound discovery requests, including but not limited to interrogatories, requests for production of documents and requests for admissions.  Plaintiff will also take the depositions of defendant's employees, Rule 30(b)(6) witnesses, and other witnesses, as appropriate.

The parties agree that the Federal Rules of Civil Procedure will govern the limits of discovery in this case.

## IX.  CLASS ACTIONS

This case is not currently a class action.

## X.  RELATED CASES

The parties are not aware of any related cases.

1  **XI.   RELIEF**

2      **A.   Defendant's Response:**

3      Defendant contends that neither Plaintiff nor Riddick has not been damaged at all,
4  in any amount.

5

6      **B.   Plaintiff's Response:**

7      Plaintiff seeks relief for economic damages suffered by Ms. June Riddick as a
8  result of the denial of promotion.  Additionally, Plaintiffs seeks compensatory damages for the
9  emotional distress suffered by Ms. Riddick and punitive damages, as appropriate and determined
10 by the fact finder.

11

12 **XII.  SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

13     On December 13, 2007, the parties filed a Stipulation and [Proposed] Order
14 Selecting ADR.  The parties agreed to the presumptive deadline for court mediation.

15

16 **XIII. MAGISTRATE JUDGE**

17     The parties do not consent to have a magistrate judge conduct all further
18 proceedings in this matter, including trial.

19

20 **XIV.  OTHER REFERENCES**

21     The parties do not believe that this case is suitable for reference to binding
22 arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

23

24 **XV.   NARROWING OF ISSUES**

25     Defendant anticipates filing a summary judgment motion on all of Plaintiff's
26 claims. Additionally, if the case proceeds to trial, Defendant further anticipates filing a motion to
27 bifurcate the damages phase from the liability phase of Plaintiff's trial.

28

Plaintiff, at this time, does not contemplate any narrowing of issues.

## XVI.  EXPEDITED SCHEDULE

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

## XVII.  SCHEDULING

The parties respectfully request a non-expert discovery cut-off date of _____, 2008.

The parties propose that the deadline for hearing dispositive motions is _____, 2008.  The parties further request additional time for briefing than allowed under the Federal Rules of Civil Procedure.  The parties request twenty-one (21) days to file and serve oppositions to dispositive motions and fourteen (14) days to file and serve a reply.

The parties propose a cut-off date for the exchange of names, vitae, and expert reports of expert witnesses of _____, 2008.

As the parties wish to avoid the expense of expert discovery until after dispositive motions have been decided, the parties propose an expert discovery cut-off date of _____, 2008.

The parties request a trial date in June 2009.

## XVIII. TRIAL

Plaintiff has requested a jury trial.  Because of the early stage of the proceedings, the parties are uncertain how long the trial may last but anticipate that it may last ten court days.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 on November 13, 2007. In its certification, Defendant stated that Defendant Pacific Bell Directory d/b/a AT&T Advertising and Publishing is a wholly owned subsidiary of AT&T Yellow Pages Holdings, LLC, which in turn is a wholly owned subsidiary of AT&T, Inc., which is a publicly traded company.

DATED: December 19, 2007    PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:  /s/
KATHERINE C. HUIBONHOA
Attorneys for Defendant
PACIFIC BELL DIRECTORY d/b/a AT&T ADVERTISING AND PUBLISHING

DATED: December 19, 2007    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:/s/ Raymond T. Cheung
RAYMOND T. CHEUNG
Attorneys for Plaintiff

**[PROPOSED] CASE MANAGEMENT ORDER**

The Joint Case Management Conference Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____.

_____
CHARLES R. BREYER
Judge, United States District Court

LEGAL_US_W # 57804907.1

Case No. C-07-4810 CRB    -7-    JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER