1  KATHERINE C. HUIBONHOA (SB# 207648)  katherinehuibonhoa@paulhastings.com
   LAURA B. SCHER (SB# 243754)  laurascher@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
3  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
4  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
5
   J. AL LATHAM, JR. (SB# 071605)  allatham@paulhastings.com
6  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
7  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
8  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
9
   Attorneys for Defendant
10 PACIFIC BELL DIRECTORY d/b/a AT&T ADVERTISING AND PUBLISHING

11 WILLIAM R. TAMAYO (SB# 084965)
   DAVID F. OFFEN-BROWN (SB# 063321)
12 RAYMOND T. CHEUNG (SB# 176086)  raymond.cheung@eeoc.gov
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
13 San Francisco District Office
   350 The Embarcadero, Suite 500
14 San Francisco, CA  94105-1260
   Telephone:  (415) 625-5649
15 Facsimile:  (415) 625-5657

16 Attorneys for Plaintiff
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
17
                        UNITED STATES DISTRICT COURT
18
                       NORTHERN DISTRICT OF CALIFORNIA
19

20
21 EQUAL EMPLOYMENT                          CASE NO. C-07-4810 CRB
   OPPORTUNITY COMMISSION,
22                                           **CONFIDENTIALITY STIPULATION AND
              Plaintiff,                     [PROPOSED] ORDER**
23
24      vs.

25 AT&T, Inc., dba SBC Yellow Pages,

26            Defendant.

27
28

---

CASE NO. C-07-4810 CRB                                    CONFIDENTIALITY STIPULATION
                                                                           AND ORDER

1  　　　　　　In order to protect the confidentiality of confidential information obtained by the
2  parties in connection with this case, the parties hereby agree as follows:

4  　　　　1.　　Any party may designate as "confidential" (by stamping the relevant page or as
5  otherwise set forth herein) any document or response to discovery which that party considers in
6  good faith to contain information involving personal information (including, but not limited to,
7  individuals' addresses, social security numbers, or health and medical information), trade secrets,
8  confidential business or financial information, or other information the disclosure of which is
9  restricted or prohibited by applicable law. Where a document or response consists of more than
10 one page, the first page and each page on which confidential information appears shall be so
11 designated.

13 　　　　2.　　The provisions of this agreement and order do not apply to documents or other
14 information proposed for introduction at, or actually introduced during, trial, but this does not
15 preclude any order protecting confidentiality of such information which the Court may
16 subsequently issue.

18 　　　　3.　　A party may designate information disclosed during a deposition or in response to
19 written discovery as "confidential" by so indicating in said responses or on the record at the
20 deposition and requesting the preparation of a separate transcript of such material. Additionally a
21 party may designate in writing, within twenty (20) days after receipt of said responses or of the
22 deposition transcript for which the designation is proposed, that specific pages of the transcript
23 and/or specific responses be treated as "confidential" information. After any designation made
24 according to the procedure set forth in this or in Paragraph 1, the designated documents or
25 information shall be treated according to the designation until the matter is resolved according to
26 the procedures described in paragraph 7 below. All documents and information designated
27 "confidential" are hereinafter identified as "Confidential Information."

4. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

5. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed by the non-producing party to any person other than:

    a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation, and the legal staff and employees of such counsel who are working on this action;

    b. individual parties (including charging parties) and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    c. consultants or expert witnesses retained for the prosecution or defense of this litigation, and their employees who are working on this action, provided that each such person shall execute a copy of the attached Certification before being shown or given any Confidential Information;

    d. any authors or recipients of the Confidential Information;

    e. the Court, its employees, court reporters, and the jury;

    f. any mediator, arbitrator, or other alternate dispute resolution facilitator retained for this litigation; and

    g. non-party witnesses and potential witnesses (other than persons described in paragraph 5(d)) in preparation for, and in the course of, depositions or interviews, if, in the reasonable and good faith opinion of the parties' counsel, examination with respect to such information is for legitimate litigation purposes. Non-party witnesses and potential witnesses shall sign the attached Certification before being shown or given any Confidential Information.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. In the event that any portion of any document, answer to interrogatory or request for admission, or deposition transcript identified as containing Confidential Information, or any pleading, motion, brief or declaration containing or disclosing Confidential Information, is submitted to the Court by the non-producing party for any purpose, the parties agree as follows: The submitting party will notify the party to whom the Confidential Information belongs at least five (5) calendar days prior to filing the pleading, motion, brief or declaration containing or disclosing the Confidential Information to the Court. The submitting party will specify what Confidential Information will be submitted to the Court so that the party to whom the information belongs may prepare the appropriate motion to have the record filed under seal. The parties will then coordinate the filing of the pleading, motion, brief or declaration so that the party to whom the confidential information belongs can simultaneously file the appropriate motion with the Court to have the record filed under seal in accordance with Northern District of California Local Rule of Court 79-5. The party filing the pleading, motion, brief or declaration will lodge the Confidential Information with the Court in accordance with Northern District of California Local Rule of Court 79-5.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.

The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a.    the party who claims that the material is Confidential Information withdraws such designation in writing; or

    b.    the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c.    the Court rules the material is not Confidential Information.

9.    All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

10.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11.    This stipulation shall become effective and binding upon the parties as of December 19, 2007.

| | | |
|---|---|---|
| 1 | DATED: January ___, 2008 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |

By: _____
KATHERINE C. HUIBONHOA
Attorneys for Defendant

DATED: January 29, 2008

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
RAYMOND T. CHEUNG
Attorneys for Plaintiff

<s>-6-</s>

CASE NO. C-07-4810 CRB

CONFIDENTIALITY STIPULATION AND ORDER

| | | |
|---|---|---|
| 1 | DATED: January 30, 2008 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 2 | | |
| 3 | | By: *Katherine Huibonhoa by Laurasch* |
| 4 | | KATHERINE C. HUIBONHOA<br>Attorneys for Defendant |
| 5 | | |
| 6 | DATED: January ___, 2008 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| 7 | | |
| 8 | | By: _____ |
| 9 | | RAYMOND T. CHEUNG<br>Attorneys for Plaintiff |

CASE NO. C-07-4810 CRB  -6-  CONFIDENTIALITY STIPULATION AND ORDER

1 **ORDER**

3    THE FOREGOING STIPULATION IS APPROVED AND SO ORDERED.

5 DATED:  February 01, 2008

*HON. CHARLES R. BREYER*

IT IS SO ORDERED

Judge Charles R. Breyer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated December 19, 2007, in EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. PACIFIC BELL DIRECTORY d/b/a AT&T ADVERTISING AND PUBLISHING (erroneously designated in the Complaint as "AT&T, Inc., dba SBC Yellow Pages"), Case No. C-07-4810 CRB. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information — including copies, notes, or other transcriptions made therefrom — in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information — including copies, notes, or other transcriptions made therefrom — to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Order.

DATED: _____

_____

LEGAL_US_W # 57809019.2