WILLIAM R. TAMAYO - #084965 (CA)
DAVID OFFEN-BROWN - #063321 (CA)
RAYMOND T. CHEUNG - #176086 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260
Telephone No. (415) 625-5649
Facsimile No. (415) 625-5657
raymond.cheung@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AT&T, Inc., dba SBC Yellow Pages,<br><br>　　　　　Defendant. | Case No.: Case No. C 07-4810 CRB<br><br>CONSENT DECREE AND ~~(PROPOSED)~~ ORDER |

Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of race (African American) and to make whole Ms. June Riddick who the Commission alleged was aggrieved by such practices. Plaintiff EEOC alleged that defendant Pacific Bell Directory d/b/a AT&T Advertising & Publishing (named as "AT&T, Inc., dba SBC Yellow Pages" in the Complaint) ("PBD") unlawfully subjected Ms. Riddick to disparate treatment in the selection for a promotion opportunity because of her race. PBD denied all the EEOC's allegations, including that Ms. Riddick was subjected to disparate treatment, as well as the claim of damages or injuries.

In the interest of resolving the Lawsuit and as a result of comprehensive settlement negotiations, the Commission and Defendant PBD (hereinafter referred to as "the Parties") have

agreed that this action should be resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the Lawsuit. This resolution does not constitute an admission of liability on the part of PBD, which expressly denies any violation of law or wrongdoing. This Consent Decree represents a good faith settlement of contested and disputed claims.

This Consent Decree resolves all claims arising out of EEOC Charge No. 37A 2004-09149 and the complaint filed in the Lawsuit, and constitutes a complete and final resolution of all claims of race discrimination under Title VII that were made or could have been made by the Commission in this lawsuit, including class claims. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charge and complaint specifically referenced in this paragraph. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

I. **GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.
2. This Consent Decree is final and binding upon the Parties, their successors and assigns.
3. The Parties will each bear its own costs and attorneys' fees in this action.

II. **GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION AND NON-RETALIATION**

4. Consistent with Sections 703 and 704 of Title VII, 42 U.S.C. §2000e-2, Defendant PBD, and its officers, agents, managers (including supervisory employees), successors and assigns, are enjoined from engaging in unlawful disparate hiring and promotion practices based on race, and any other unlawful employment practice which discriminates on the basis of race.

### III. **MONETARY RELIEF**

5. As part of its resolution of this lawsuit, Defendant will pay Ms. Riddick seventy-eight thousand dollars ($78,000) – $52,000 in alleged lost wages and $26,000 for alleged emotional distress within fourteen days of the entry of the Proposed Order by the Court. Defendant shall provide the Commission with proof of this disbursement of the settlement payment c/o Raymond T. Cheung, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

### IV. **SPECIFIC INJUNCTIVE RELIEF**

6. **Promotion**

   Defendant PBD shall promote Ms. June Riddick to the first Field Service Collector opening in its Sacramento facility that it fills.

7. **EEO Policies**

   Defendant PBD shall revise, to the extent it determines necessary, its Equal Employment Opportunity ("EEO") policies, within sixty (60) days of signing the Consent Decree, such that the policies: (i) affirms Defendant's compliance with Title VII; (ii) articulates Defendant's commitment to racially neutral hiring policy and practice; (iii) provide a clearly articulated process for employees to report alleged disparate hiring practices.

   a. If revisions are necessary, Defendant shall effectively disseminate these revised policies and procedures by:
      i. Distributing the policy within 60 days of its adoption to all current employees;
      ii. Distributing the policy to all new employees.
   b. Defendant shall submit a copy of the revised EEO policies, if any, to EEOC.

8. **Posting**

   An agreed upon Notice of Settlement (stating that case resolved but not identifying Ms. Riddick by name or specifying the amount of settlement) shall be, and remain, posted in a clearly visible location frequented by employees at Defendant's Sacramento office until July 31, 2009.

9. **Training of Employees**.

Defendant AT&T, Inc. shall conduct a half-day training for all of its staffing managers in California on equal employment hiring and promotion practices.

10. **Training Logistics**.

With respect to the training required by the above paragraph, Defendant agrees to provide a description of each training program to counsel for the Commission no later than twenty (20) days before the training programs are scheduled to be held. If the Commission has not objected to the description of the training program within seven (7) days of being given notice, such non-response shall be deemed an acknowledgment that the Commission does not object to the form, nature and content of the training.

11. **Acknowledgment of Training Attendance**.

All persons attending mandatory anti-discrimination training pursuant to this Consent Decree shall acknowledge their attendance (through their hard copy or electronic signature) at the training, the date thereof, and their position. PBD shall retain these electronic verifications and provide the EEOC with a copy.

12. **Training Reporting**

Within thirty (30) days of completion of the training required by this Consent Decree, PBD will send the EEOC verification of its completion of the equal employment hiring and promotion training for its employees.

V. **DISMISSAL WITHOUT PREJUDICE, RETENTION OF JURISDICTION, AND EXPIRATION OF CONSENT DECREE**

13. The Commission expressly retains the right to petition this Court, prior to the expiration of the Consent Decree as set forth in Paragraph 14 below, for an extension of the Consent Decree because of noncompliance until July 31, 2009, if the Commission determines that PBD has not complied with the terms of this Consent Decree. If the Commission determines that PBD has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to Defendant and will not petition the Court for an extension of the Consent Decree sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission successfully petitions

the Court to extend the Consent Decree and the Court finds PBD to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree by another six (6) months.

14. Unless this Consent Decree if extended pursuant to Paragraph 13 above, one (1) year after the entry of this Consent Decree, it will expire and have no further force or effect, and this Lawsuit will be deemed to have been dismissed with prejudice without further action by the Parties and without further Court Order.

Dated this 11th day of August, 2008

      /s/ Raymond T. Cheung
RAYMOND T. CHEUNG

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office

      /s/ Katherine Huibonhoa
KATHERINE HUIBONHOA

Attorney for Defendant
PACIFIC BELL DIRECTORY d/b/a AT&T ADVERTISING & PUBLISHING

IT IS SO ORDERED:

Dated:   August 18, 2008

      Hon. Charles R. Breyer
United States District Court Judge

